WOODS, Treasurer of the United States, et al. v. DEUTSCHE TON- & STEINZEUG-WERKE AKTIENGESELLSCHAFT.

STETTINER CHAMOTTE FABRIK AKTIENGESELLSCHAFT v. SUTHERLAND, Alien Property Custodian, et al.

Nos. 5775, 5781.

Court of Appeals of the District of Columbia.

Argued May 9, 1933.

Decided June 19, 1933.

No. 5775:

T. E. Rhodes, Roy St. Lewis, and Philip H. Marcum, all of Washington, D. C., for appellants.

Spier Whitaker, of New York City, and Henry Ravenel, of Washington, D. C., for appellee.

No. 5781:

Henry B. Morrow and Wilton H. Wallace, both of Washington, D. C., for appellant.

Leo A. Rover, Thomas E. Rhodes, Roy St. Lewis, and Philip H. Marcum, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

In case No. 5775, appellee, plaintiff below, Deutsche Ton- & Steinzeug-Werke Aktiengesellschaft, a German corporation, hereafter for convenience referred to as Deutsche Ton, brought this action in the Supreme Court of the District of Columbia against the Treasurer of the United States and the Alien Property Custodian to recover certain funds seized by the Alien Property Custodian from the Didier-March Company, a New Jersey corporation. From the decree the Treasurer and Custodian have appealed.

Consolidated with this case for trial in the court below, and so submitted in this court, is No. 5781, Stettiner Chamotte Fabrik Aktiengesellschaft v. The Alien Property Custodian and the Treasurer of the United States. Appellant company, a German corporation, will hereafter for convenience be referred to as Stettiner. This company is here claiming the same funds involved in suit No. 5775.

It appears that on the enactment of the Trading with the Enemy Act, October 6, 1917, 40 Stat. 411, 423 (50 USCA Appendix), the entire capital stock of the Didier corporation belonged to Stettiner. There existed, however, a contract between the Didier Company and Deutsche Ton providing that during a period of ten years beginning January 1, 1912, there should be paid by the Didier Company to Deutsche Ton annually 15 per cent. of the earnings of the Didier Company after the actual capital stock invested by that corporation should have earned 5 per cent. per annum.

The Alien Property Custodian, after investigation, having determined that Stettiner was an enemy within the meaning of the Trading with the Enemy Act, seized the entire capital stock of the Didier Company as the property of Stettiner; and, having determined that Deutsche Ton was likewise an alien enemy, also seized all right, title, and interest of Deutsche Ton in the earnings of said corporation. On seizure of the stock of the Didier Company, the Custodian set up an account designated as trust No. 11866, in the name of Stettiner, in which was held all money and property seized by him as the property of Stettiner and all proceeds and income thereon. On seizure of the interest of Deutsche Ton under said contract, the Custodian set up an account upon his record known as trust No. 32429, in the name of Deutsche Ton, in which was to be credited all money and property seized by him as the property of Deutsche Ton and the proceeds and income thereon.

After the seizure of the stock, the Didier Company, pursuant to the report of a firm of certified accountants, determined that under

the contract with Deutsche Ton there had accrued and was due the Custodian $23,369.88, and ordered this amount paid to the Custodian, which was accepted by him as the correct amount that had accrued under said contract. The Didier Company was subsequently liquidated and dissolved. In the liquidation the proceeds from the sale of stock, real estate, plant, and machinery, including the $23,369.88 which had accrued to Deutsche Ton under the contract of May 16, 1912, when paid to the Custodian by the Didier Company, were all erroneously placed in trust No. 11866, in the name of Stettiner. When this error in the accounts was discovered, it was corrected by the transfer of the amount accrued on the Deutsche Ton contract from trust No. 11866, in the name of Stettiner, to trust No. 32429, in the name of Deutsche Ton; the trust, together with interest, amounting at this time to $27,279.88.

Under the amendment to the Trading with the Enemy Act of March 4, 1923, 42 Stat. 1511 (50 USCA Appendix § 9), which authorized the return of $10,000 of the seized principal of an enemy national, Deutsche Ton applied for, and was paid from trust No. 32429, the sum of $10,000, less a deduction of $100 for administrative expenses, and subsequently Deutsche Ton was paid four installments of interest amounting to $4,496.46, making a total of $14,396.46. On application, Stettiner was paid from trust No. 11866 $10,000, less $100 for administrative expenses, and five payments of interest aggregating $54,200.

Pursuant to the Settlement of War Claims Act of March 10, 1928, 45 Stat. 254 (50 USCA Appendix), Deutsche Ton filed a claim with the Alien Property Custodian for the balance remaining in trust No. 32429, consenting to the retention by the Custodian of 20 per cent. thereof as required by the act. Later Stettiner filed a similar claim, in which it also sought 80 per cent. of the balance of the funds in trust No. 32429. Both of said 80 per cent. claims are still pending and undetermined by the Alien Property Custodian.

In the suits below Deutsche Ton sought. recovery of 80 per cent. of the balance of the funds held in trust No. 32429; and Stettiner prayed "that it be decreed that plaintiff is entitled to have released and paid over to it the fund received by the Alien Property Custodian and transferred to Trust No. 32429." The basis of this claim is that, when it purchased the Didier stock, the contract between Didier and Deutsche Ton was abrogated, and it became entitled to the entire earnings during the years in question. This is clearly wrong. This was a perfectly valid contract, and constituted a lien against the earnings of the Didier Company at the time of the purchase by Stettiner. Stettiner, therefore, acquired the stock subject to the obligations imposed by the contract.

In the Deutsche Ton case the Treasurer and Custodian, as an affirmative defense, alleged that Stettiner had filed a claim for the same funds. In the Stettiner suit the Custodian and Treasurer set up the claim of Deutsche Ton to the funds in question, and the payment of $10,000, together with interest, out of this fund to Deutsche Ton. The court in its decree ordered that Deutsche Ton have released and paid over to it the balance of the fund held by the Custodian in trust No. 32429, and that the complaint filed by Stettiner be dismissed.

We are of the opinion that the decree of the court below was right. The contract between the Didier Company and Deutsche Ton created in the latter a prior and superior claim to the funds accrued thereunder; and Stettiner was entitled to only the amount of the proceeds derived from the Didier Company in excess of that which had accrued under the Deutsche Ton contract.

The decree in each case is affirmed.